Rollins, Appellant, vs. Northern Land & Logging Company, Respondent.

*January 13—January 28, 1908.*

*Sales: Warranties: Implied warranty of quality and fitness: Knowledge of seller.*

A seller, in reply to a buyer's letter of inquiry for spruce, offered to sell him "our spruce pulp wood, some forty cords," which offer was accepted. There was no pretense that the wood mentioned in the seller's letter was not the wood that was delivered. It did not appear that the wood was to be of any understood quality or of any particular grade or quality or that the seller was informed of the particular use to which the wood was to be applied. *Held:*

(1) The language used in the correspondence related to the description of the wood in order to identify it, and was not used for the purpose of warranting its quality.

(2) There was no implied warranty that the wood mentioned in the correspondence was of any particular quality of pulp wood.

APPEAL from a judgment of the circuit court for Price county: John K. Parish, Circuit Judge. *Affirmed.*

This action was brought to recover from the respondent the balance due on account for merchandise, and the answer set up payment and a counterclaim for a balance due upon the purchase price of pulp wood sold and delivered to the appellant. On the trial it was stipulated that the plaintiff's claim had been paid by the defendant with the exception of the difference between the contract price of the pulp wood and the alleged value thereof for the use to which it was applied. The contract for the purchase of the wood was made by correspondence, Mr. Krueger, the president of the respondent company and its manager, acting in its behalf. The appellant, who resided at Prentice, addressed a letter to the respondent at Ogema, where he was operating a sawmill, dated February 1, 1904, as follows:

"We understand that you have several cars of spruce that you will deliver at Pennington on the Soo road. We are in the market and paying $5.50 for it on cars. Can we deal with you on it?"

The respondent replied on the same day:

"We will sell you our spruce pulp wood, some forty odd cords, at the figure you offer, $5.50 per cord f. o. b. Pennington. It will be several weeks, though, before we can deliver all of it."

This offer was accepted by the appellant in a letter written the next day, in which it is said: "We have yours of the 1st, and note you will sell us about forty cords spruce at $5.50 f. o. b. Pennington." The appellant next wrote the respondent on June 25, 1904, directing shipment of the spruce pulp wood to the Rhinelander Paper Company, Rhinelander, Wisconsin. Mr. Krueger, who represented the respondent, had been an insurance agent until the year before and had heard the words "pulp wood" used in connection with spruce, but attached no importance to the use thereof in the foregoing letters. The appellant had a contract for furnishing pulp wood to the Rhinelander Paper Company, a fact which the

respondent did not know, nor did it know of the particular use that was to be made of this wood. The wood was not barked before delivery. It had been cut and piled in the woods from March, 1903, to January, 1904, when it was hauled out and piled at the mill at Ogema, about five miles from Pennington. After that and during the winter it was hauled to Pennington, where it was loaded on the cars for appellant. There was a regular highway from Pennington and from Prentice to Ogema and a railway from Prentice to Pennington, a distance of five miles, where there is a station. The appellant testified that he supposed the wood would be hauled to the station before the breaking up, and the contract was made in February, 1904, and the pulp wood was not shipped until July, and that he made no effort to inspect the pulp wood. The delivery was made to the appellant on the cars at Pennington and was shipped by his direction to the Rhinelander Paper Company. In the meantime the respondent had been purchasing goods of the appellant, who conducted a supply store, and there was an open account between them; and it was to recover the alleged balance that this action was brought by appellant. On August 6, 1904, appellant wrote the respondent that he had received a letter from the Rhinelander Paper Company in regard to "your spruce;" that it had given him credit for 39.96 cords at $4 per cord. Appellant thereupon insisted that respondent should accept payment at that price, claiming that the spruce was of inferior quality. Respondent demanded payment for the wood at the price named in the contract. Appellant testified that in an interview he had with Mr. Krueger he explained to him that the wood was of poor quality, and adds: "If it had been what is called spruce pulp wood of the *understood quality*, he would have got his $5.50 per cord." The court ruled out all testimony offered to show the quality of the pulp wood, for the reason that the contract was of a specific character and there was no warranty, expressed or implied,

and directed a verdict for the defendant. From the judgment entered on the verdict this appeal is taken.

For the appellant there was a brief by *J. W. Hicks,* attorney, and *Reid, Smart & Curtis,* of counsel, and oral argument by *Mr. Hicks.*

For the respondent the cause was submitted on the brief of *C. E. Lovett* and *W. K. Parkinson.*

BASHFORD, J. The sole question presented on this record relates to the ruling of the trial court in excluding evidence as to the quality of the wood and that there was no implied warranty of the quality in the sale thereof upon the facts as stated. Counsel for appellant contends that the court erred in excluding the testimony offered in his behalf tending to show a breach of warranty and in directing a verdict for the respondent.

In answer to appellant's letter of inquiry for spruce the respondent offered to sell him "our spruce pulp wood, some forty odd cords," but stating that it would be several weeks before all of it could be delivered. This clearly implied that forty cords was all the wood respondent had of the character mentioned. There is no pretense that this wood was not the wood that was delivered. We find nothing in the correspondence constituting the contract of sale that supports the claim made on behalf of the defendant that the wood was to be of any *understood* quality or of any particular grade or quality. There was no offer to show that it was not pulp wood or that it was not used as such by the Rhinelander Paper Company. Counsel for appellant offered to show by the deposition of witness Braeger that the pulp wood was not merchantable, but this was in connection with its quality for use in the manufacture of pulp. This appears also by an inspection of said deposition, which was returned as part of the record. It is worthy of observation in this connection that the respondent was not informed of the particular use to

which this wood was to be applied by the appellant when the contract was made, and consequently its rights cannot be concluded by the determination of the Rhinelander Paper Company as to the quality thereof. The language used in the correspondence related to the description of the wood in order to identify it, and not for the purpose of warranting its quality.   30 Am. & Eng. Ency. of Law (2d ed.) 148.

We must hold, therefore, that there was no implied warranty that this was of any particular quality of pulp wood, and consequently that there was no reversible error in the ruling of the court upon the subject.

*By the Court.*—The judgment of the circuit court is affirmed.